The STATE OF MONTANA, EX REL., TAMMY L. LEACH AND CRAIG S. LEACH, GREGORY LEACH, AND SUSAN LEACH, PETITIONERS AND APPELLANTS, *v.* WILBUR VISSER, JANE JELINSKI, AND RAMON S. WHITE, THE GALLATIN COUNTY COMMISSIONERS, RESPONDENTS AND RESPONDENTS.

No. 88-211.
Submitted on Briefs Aug. 11, 1988.
Decided Nov. 1, 1988.
Rehearing Denied Feb. 3, 1989.
767 P.2d 858.

Eula Compton, Bozeman for petitioners and appellant.
A. Michael Salvagni, Co. Atty., Bozeman, James D. McKenna, Deputy Co. Atty., for respondents and respondents.

MR. JUSTICE SHEEHY delivered the Opinion of the Court.

State law permits a single division of a parcel of land outside of

platted subdivisions without a local subdivision review when the transaction is an occasional sale. An "occasional sale" means one sale of a division of land within any 12 month period. State law also limits a single division of a parcel of land if "the method of disposition is adopted for the purpose of evading" local subdivision review. Gallatin County has adopted Subdivision Regulation 2.b.(3)(b) to the effect that an occasional sale is an evasion of local subdivision review if "a parcel contiguous to the parcel to be transferred has been previously transferred by the same transferor as an occasional sale."

Tammy Leach proposed a division of a certain Tract 14 as an occasional sale. The tract of the proposed division was contiguous to a tract which had earlier been transferred as an occasional sale to Tammy Leach. On that basis, the District Court, Eighteenth Judicial District, Gallatin County, determined that the attempted division of Tract 14 did not qualify for an occasional sale of land and was not, therefore, exempt from local subdivision review. The District Court denied a petition for a peremptory writ of mandamus.

We determine here that Gallatin County Subdivision Regulation 2.b.(3)(b) directly conflicts with the provisions of Section 76-3-207, MCA, permitting single divisions of land parcels outside of platted subdivisions when they qualify as occasional sales. We therefore reverse and remand this cause with directions to the District Court to issue a writ of mandate to the respondents to permit the proposed division of land.

The findings of fact of the District Court adequately describe the problem. In 1981, the Leach family purchased 265 acres of land in Gallatin County. A 20-acre tract within the purchase, Tract 12, was divided without subdivision review in 1983 into two 10-acre tracts. Tract 12B was conveyed away. In 1984, Tract 13 was divided without local subdivision review into two 10-acre tracts and Tract 13A was conveyed away. In May, 1985, petitioner Tammy Leach acquired Tract 13B. In 1984, the Leach family conveyed Tract 14 to Craig, Don, Gloria and Tammy Leach. Later, in 1984, Tract 14 was sold to petitioners Gregory and Susan Leach. The present controversy involves an attempt to divide Tract 14. Petitioner Tammy Leach would become the owner of Tract 14A. In 1986 the proposed division of land of Tract 14A to Tammy Leach was rejected by the County Commission because the proposed transfer was contiguous to the transfer of Tract 13B; and so under the Gallatin County subdivision regulations did not qualify as an "occasional sale." Another

request for the transfer of Tract 14A to Tammy Leach was considered by the County Commission and denied in February, 1987. The decision of the County Commission not to approve the division of land proposed by the Leaches was conveyed to them by a letter signed by the Commissioners, dated February 25, 1987. The letter recited the history of the transfers of the tracts as above enumerated and pointed out that the county subdivision rules "do not allow a parcel contiguous to the parcel to be transferred if it has been previously transferred by the same transferor as an occasional sale." Based on that history, the Commission "determined that the method of disposition of the land was adopted for the purpose of evading the requirements of Title 73, Ch. 2, Pt. 2, MCA (the local subdivision review requirements).

The petitioners filed an action in the District Court for a writ of mandate directing the County Commission to permit the division of land as proposed. The District Court, after entering findings of fact and conclusions of law, denied the petition for peremptory writ of mandamus on January 23, 1988. From that order of denial the petitioners have appealed to this Court.

The issues presented by the Leaches are:

1. In accordance with Sections 76-3-207 and 76-3-103(7), MCA, a landowner may enter into one occasional sale each and every year without the sale or a series of sales being deemed subject to local subdivision review.

2. The Gallatin County Subdivision regulation is void as eliminating the statutory exemption for occasional sales.

3. Gallatin County's subdivision regulations violate the Montana and United States Constitutions.

In answer, the Commission contends that: (1) the Gallatin County subdivision regulations are reasonable and not in conflict with state law; (2) the County Commission is given discretion to determine whether a proposed division of land is for the purpose of evading the Subdivision and Platting Act; and, (3) the constitutional arguments should not be considered because they were not presented in the District Court.

The principal issue in this case is controlled by our decision in *State of Montana ex rel. Swart v. Casne, et al.* (1977), 172 Mont. 302, 564 P.2d 983. In that case, the same provisions now contained in Section 76-3-207, MCA, and Section 76-3-103(7), MCA, were involved, though contained in earlier numbered statutes. In that case, Gallatin County had adopted a regulation to the effect that the ex-

emption contained in [Section 76-3-207] did not apply to the resubdivision or redesign of a subdivision platted or filed with the clerk and recorder. Swart owned five lots in a platted subdivision which he had proposed to divide by drawing a straight line dividing each lot into substantially equal parts, and transferring one of the halves as an occasional sale of the property. His proposal was denied by the County Commission, and he applied to the District Court for a writ of mandate, directing the Commission to permit the division. The District Court granted a writ of mandate, and the decision was affirmed on appeal to this Court. In affirming, this Court said:

"These regulations are in direct conflict with the provisions of the Subdivision and Platting Act heretofore set forth in Section [76-3-207]. They eliminate the statutory exemption as applied to 'resubdivisions or redesign' of platted and recorded subdivisions. They require an amended plat reviewed and approved by the governing body to be filed with the clerk and recorded in direct contradiction to the statutory exemption. They engraft additional and contradictory requirements on the statute in the guise of implementing the evasion of statutory requirements. They frustrate the purpose of the 'occasional sale' exemption of the Act. As such, the . . . regulations are void on their face. See *Bartels v. Miles City,* 145 Mont. 116, 399 P.2d 768. It is axiomatic that a statute cannot be changed by administrative regulation. See *Begay v. Graham,* 18 Ariz. App. 336, 501 P.2d 964."

172 Mont. at 308, 564 P.2d at 986.

In this case, we are faced with the exact problem that came before this Court in *Swart.* Here, the earlier divisions of tracts qualified as occasional sales because more than 12 months elapsed between each division of the parcels. In the case directly before us, the transfer to Tammy Leach has been refused because it is contiguous to a tract that had earlier qualified as an occasional sale, although in the present case, more than a year has elapsed from the time of the earlier transfer. The effect of the contiguous tract provision in the Gallatin County Subdivision Regulations is, in the words of Swart, to "engraft additional and contradictory requirements on the statute in the guise of implementing the evasion of statutory requirements." The Gallatin County regulation is therefore impermissible because, in the language of Swart:

"This grant of authority does not include the right to promulgate regulations in direct conflict with the Act. Where, as here, the Act provides for exemption of occasional sales from the subdivision re-

quirements, DCA cannot prescribe subdivision regulations eliminating the exemption for the reasons heretofore stated. An administrative agency is not a "super legislature" empowered to change statutory law under the cloak of an assumed delegated power." 172 Mont. at 308-09, 564 P.2d at 986.

■ For the same reasons, the contention of the County Commission that it has discretion to determine whether the method of disposition is adopted for the purpose of evading Section 76-3-207, MCA, has no merit. Plainly, under our statutes, a landowner is permitted a single division of a parcel outside of a platted subdivision if the division and any other -division do not occur within any 11 month period. The County Commission has no discretion to deny a division of land if the landowner otherwise complies with the exemptions provided to him under the statutes for a single division of land.

There is no need to address the constitutional issues raised by the Leaches since we determine that the county regulation is void.

■ The Commission, however, further contends that a declaratory judgment rather than a writ of mandate is a proper remedy in this cause. The County Commission points to decisions in other states which hold that a declaratory judgment action is a proper method of challenging a zoning ordinance and that a writ of mandamus in this case is inappropriate since the county had no legal duty to disregard its own regulations. Again, this contention was answered in *Swart*:

"Here there was a clear legal duty the defendants were required to perform for the reasons heretofore stated. A declaratory judgment action would not necessarily get the certificate of survey filed in the light of previous difficulties between petition and the clerk and recorder in getting such certificates filed as evidenced in *State ex rel. Swart v. Stuckey,* supra. A declaratory judgment action would not make petitioner whole as attorneys fees are not allowable in such an action. A writ of mandate is the only remedy available to secure the ultimate relief sought by the petitioner — to compel the lifting of sanitary restrictions, the filing of a certificate of survey, and an award of relator's attorney fees." 172 Mont. at 309, 310, 564 P.2d at 987.

In order for the petitioners to obtain complete relief, a writ of mandate is proper in this cause. Accordingly, we reverse and remand to the District Court with instructions to issue a writ of mandate directed to the County Commission to permit the division of land as

proposed by Tammy Leach, and for such other relief as may be appropriate for a writ of mandate in this cause.

MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, WEBER, GULBRANDSON, HUNT and McDONOUGH concur.

## OPINION AND ORDER ON PETITION FOR REHEARING

MR. CHIEF JUSTICE TURNAGE delivered the Order and Opinion on Petition for Rehearing.

County Commission of Gallatin County has petitioned for rehearing of our opinion promulgated November 1, 1988, on the grounds that the opinion is in conflict with an earlier decision of this Court, *Withers v. Beaverhead County* (Mont. 1985), [218 Mont. 447,] 710 P.2d 1339, 42 St.Rep. 1730 and that language in our opinion of November 1, 1988, eliminates the discretion of a county commission to determine if a propose division of land is an attempt to evade subdivision review.

The Attorney General, appearing on behalf of the State of Montana as amicus curia, supports the petition for rehearing, contending that the Gallatin County regulation was properly found by this Court to be void, but that certain language in our opinion is extraneous to the decision and that the extraneous language is contrary to controlling Montana case law. Several county attorneys, acting for their respective counties, join the State's brief. They are the county attorneys from Missoula County, Flathead County, and Lewis and Clark County. In addition, Flathead County has filed a supporting amicus curia brief, and a response to the amicus curia brief for the State of Montana, the latter directed to a fear that the State may have conceded in its amicus brief that under all situations the local governing body would be deemed to be abusing its discretion in denying the use of an occasional sale exemption if that exemption were proposed only once during a twelve-month period on a division of land.

The respondents have filed a responsive brief contending that the petition for rehearing is groundless.

For ease of reference, we set out the Gallatin County subdivision regulation in question:

"b. *Exemption as an occasional sale.*

"(1) An occasional sale is one (1) a sale of a division of land within any 12-month period. The 12-month period commences upon sale of the division of land.

"(2) The proper use of an occasional sale exemption is to create a single division of a parcel from any tract or from continuous tracts of land.

"(3) The governing body shall declare a proposed division of land as an occasional sale to be an evasion of the act if it is determined that one or more of the following conditions exist:

"(a) the proposed new parcel is part of a parcel which was created under the occasional sale or family conveyance exemption of the act; or

"(b) a parcel contiguous to the parcel to be transferred has been previously transferred by the same transferor as an occasional sale; or

"(c) the creation of the proposed parcel would leave 2 or more parcels of less than 20 acres."

The pertinent statutory provision to which the Gallatin County subdivision regulations relate are these:

"76-3-207 . . . . unless the method of disposition is adopted for the purpose of evading this chapter, the following division of land are not subdivisions under this chapter . . .

". . .

"(d) a single division of parcel outside of platted subdivisions when the transaction is an occasional sale; . . .

"76-3-103. *Definitions.* As used in this chapter, unless the context or subject matter clearly requires otherwise, the following words or phrases shall have the following meanings:

". . .

"(7) 'Occasional Sale' means one sale of a division within any 12-month period."

In this case, Tammy Leach proposed a division of a certain tract 14 as an occasional sale. The tract of the proposed division was contiguous to a tract which had earlier been transferred as an occasional sale to Tammy Leach. The "governing body," the county commission of Gallatin County, determined that since the parcel is contiguous to a parcel which had earlier been transferred by the same transferor as an occasional sale, under the Gallatin County regulation the Tammy Leach proposal did not qualify as an occasional sale

and so the division was denied. More than a year had elapsed from the time of the earlier transfer.

■ It is obvious that the Gallatin County subdivision regulation which sets out a *per se* or automatic rule to determine when a proposed division of land is an evasion of the act engrafts additional and contradictory requirements on the statute providing for occasional sales without regard to whether the *purpose* of the proposed divider is to evade subdivision review. As such the regulation is void. All of the amici appearing herein (but not Gallatin County) concede that the regulation is void and that mandamus is proper in the premises. What they seek, however, is to have us delete from our opinion of November 1, 1988, the following language:

"For the same reasons, the contentions of the county commission that it has discretion to determine whether the method of disposition is adopted for the purpose of evading Section 76-3-207, MCA, has no merit. Plainly, under out statutes, a landowner is permitted a single division of a parcel outside of a platted subdivision if the division and any other division do not occur within a 12-month period. The county commission has no discretion to deny a division of land if the landowner otherwise complies with the exemptions provided to him under the statutes for a single division of land."

All of the amici contend that the foregoing paragraph takes away from the county commissioners the power to determine whether in fact a proposed division of land submitted as an occasional sale or under some other exemption of the act is an evasion of subdivision review. Such was not our intention, and the point requires discussion.

There is an inherent conflict between the statutory allowance of an occasional sale without subdivision review, and the condition "unless a method of disposition is adopted for the purpose of evading this chapter." A landowner proposing to divide land under the occasional sale exemption obviously contemplates *avoiding* subdivision review by the governing body. Whether such an avoidance is for the *purpose of evasion* is quite another factual question. We have no direct guidance from the legislature through its statutes to determine the difference between avoidance and evasion.

In *Withers v. Beaverhead County*, supra, this Court had before it a situation where Barbara Withers attempted to deed property to her daughter Amy Withers under the immediate family exemption of Section 76-3-207(b), MCA. When her deed and certificate of survey were rejected by the county authorities, she sought mandamus in

the district court. The district court considered the earlier history of the family pertaining to land divisions, determined that the proposed division to the daughter was for the purpose of evading subdivision review, and denied mandamus. This Court on appeal held that there was no abuse of discretion by the county commission in so determining, and therefore denied mandamus. 710 P.2d at 1339, 1341.

In this difficult field, the word "discretion" is itself a confusing term. It can have two meanings, as discussed by this Court in *Kujich v. Lillie*, 127 Mont. 125, 137-38, 260 P.2d 383. There we said:

"*Discretion.* The term 'discretion' denotes the absence of a hard and fast rule. (citing a case)

"The establishment of a clearly defined rule would be the end of discretion. (citing authority)

"1 *Bouvier's Law Dictionary*, Rawle's 3rd Rev., p. 884, has defined 'discretion' in part as: 'That part of the judicial function which decides questions arising in the trial of a cause, according to the particular circumstances of each case, and as to which the judgment of the court is uncontrolled by fixed rules of law.'

" ' "Discretion when applied to a court of justice means sound discretion guided by law." 4 Burr. 529. Judicial discretion is a mere legal discretion — a discretion in discerning the course presented by law; and what has been discerned it is the duty of the court to follow. (citing authority) . . . "A legal discretion is one that is regulated by well known and established principles of law." (citing authority)'

" ' "But if the word discretion in this connection [injunction] is used in a secondary sense, and by it is meant that the chancellor has the liberty and power of acting, in finally settling property rights, at his discretion, without the restraint of the legal and equitable rules governing those rights, then I deny such power."' (citing authority)."

█ The use of the term "discretion" by the author of our opinion of November 1, 1988, in the case at bar, and by this Court in *Withers*, supra, may have been unfortunate. What is really meant is that the governing bodies have the power and duty to evaluate and determine from all the circumstances whether the proposed division of land is based on a purpose to evade the subdivision requirements. The Attorney General recognized this distinction in an opinion issued by him on July 20, 1983 (40 Opinions A.G. No. 16) in response to a question from the city attorney of Missoula where a developer had completed and submitted for filing a fourth certificate of survey

dividing a tract into five lots, four of which were to be conveyed as occasional sales, and the question asked was, whether under these facts, are the claimed "occasional sales" subject to review under the act on the grounds that the exemptions are claimed"for the purpose of evading" the act.

The Attorney General answered in part:

". . . I have consistently declined to address such questions in the context of an advisory opinion. However, to assist you in analyzing the issue I offer the following observations. As a statute promoting public health and welfare, the Subdivision and platting Act must be literally construed to effectuate its object. Its exemptions must be narrowly applied. *State ex rel., Florence Carlton School District v. Board of County Commissioners,* 180 Mont. 285, 291, 590 P.2d 602, 605 (1978). A local government may legitimately require one claiming an exemption from the Act's requirements to make some evidentiary showing that the exemption is justified . . . It would also be legitimate for the local government to establish by rule some sort of hearing procedure to allow the local government to evaluate the evidentiary basis for the claimed exemption and to allow or disallow it . . . . In contrast, a regulation establishing procedures for evaluation of a claimed exemption gives substance to the Act's policy of local government control of land use and is certainly consistent with the Act's requirements."

■ Evaluation and determination of a factual issue is different from "discretion." Since the legislature has provided that the occasional sale exemption is subject to the condition that it not be for the purpose of evading subdivision review, a determination (not discretion) by a governing body based on stated facts which show such a purpose is within the power of the governing body. This Court has never intended otherwise.

Based on the foregoing discussion therefore we eliminate from our original opinion the paragraph objected to by the county commission and by amici. Aside from that exception, the opinion as originally promulgated stands as issued. The petition for rehearing is otherwise denied.

MR. JUSTICES SHEEHY, HARRISON, HUNT, GULBRAND-SON, WEBER and McDONOUGH concur.